```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JULIE E. MALE,

                          Plaintiff,           07-CV-6573
              v.
                                               **DECISION and**
TOPS FRIENDLY MARKETS,                         **ORDER**

                          Defendant.
_____
```

## INTRODUCTION

Plaintiff Julie E. Male ("plaintiff") commenced this employment discrimination action by filing a Complaint in the United States District Court for the Western District of New York on November 19, 2007 against defendant Tops Markets, LLC ("defendant" and/or "Tops"), incorrectly identified as Tops Friendly Markets. Thereafter, plaintiff filed an Amended Complaint with the Court on January 2, 2008. Presently before this Court are defendant's motion for judgment on the pleadings of the plaintiff's initial Complaint pursuant to Federal Rules of Civil Procedure 12(c); defendant's motion to dismiss plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6); and plaintiff's cross-motion to amend her complaint pursuant to Federal Rules of Civil Procedure 15(a).

For the reasons which follow, defendant's motion for judgment on the pleadings and motion to dismiss are granted and plaintiff's motion to amend is denied.

## BACKGROUND

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 5, 2006

alleging that defendant violated the American with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") as it related to her employment. See Affirmation of M. Moldenhauer, Esq. dated Dec. 28, 2007, ¶2 ("Moldenhauer Aff."). The EEOC issued plaintiff a Notice of Right to Sue on August 20, 2007. See id., ¶3. As is customary, the Notice states that plaintiff's lawsuit under the ADA **"must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost." See id., Ex. A. (emphasis in original).

Plaintiff commenced this proceeding on November 19, 2007 by filing a Complaint with the clerk for the United States District Court, Western District of New York. Other than stating that the action was brought pursuant to the ADA and for the "wrongful termination of Plaintiff in retaliation for having engaged in protected activity under this statute," the Complaint contains no factual allegations to give a defendant notice of the basis for this action. Further, the Complaint fails to identify any causes of action and as plaintiff concedes "was not substantive." See Pl. Br. at 4. Following the heading entitled "FACTS," plaintiff lists paragraphs "seventh" through "forty-fourth," each and every one of which is completely blank. See Docket #1. While plaintiff has headings for first and second causes of action, the subsequent paragraphs are left blank. See id.

On November 26, 2007, defendant entered a notice of appearance, acknowledged receipt of the Complaint and filed its Answer.[1] On the same day, defendant also filed a motion for judgment on the pleadings pursuant to Rule 12(c) seeking dismissal of the Complaint in its entirety due to Plaintiff's failure to satisfy the minimum pleading requirements established by Rule 8(a)(2). Plaintiff points out that defendant was not yet served with a Summons and Complaint and had not executed a waiver of service pursuant to Rule 4(d) before it filed its Answer and Rule 12(c) motion. See Declaration of C. Agola, Esq. dated January 25, 2008, ¶¶ 7-8. Accordingly, plaintiff's counsel claims that she wrote a letter to defendant's counsel stating that a waiver of service had not been executed and that defendant had not yet been served with the Complaint and thus plaintiff treated defendant's motion as moot. See id. Plaintiff's counsel also informed defendant's counsel that a responsive pleading was inappropriate being that the Complaint had not yet been served and a waiver of service had not been executed and as such plaintiff planned to file an Amended Complaint as of right under Rule 15(a). See id.

Notwithstanding the appearance of counsel for Tops in this action, the fact that the parties had previously discussed the matter by telephone, and counsel had even exchanged correspondence, on December 14, 2007, plaintiff served directly on Tops a Summons and "First Amended Complaint" ("Amended Complaint") See Moldenhauer Aff., Ex. B. The Amended Complaint includes twelve pages of factual

---

[1] The Complaint was entered into the Court's electronic system on November 21, 2007. Tops counsel became aware of the Complaint through its monitoring of the Court's Civil Docket Report.

allegations and six separate causes of action.[2] The Summons, dated November 19, 2007, like the Complaint, instructed defendants to serve on plaintiff's counsel "an answer to the complaint which is herewith served ... within 30 days ...." See Docket #9, Ex. B. Attached to the Summons was the Amended Complaint and the original Complaint was attached as Exhibit A. The Amended Complaint, however, was not filed with the Court.

On December 31, 2007, defendant responded to plaintiff's Amended Complaint by filing a Rule 12(b)(6) motion to dismiss claims under the ADA on the basis that such claims were not brought within the required 90-day limitations period. In addition, defendant requested that the Amended Complaint be deemed a nullity because plaintiff did not seek leave of the Court to amend the Complaint as required by Rule 15(a). Further, defendant argues that leave to amend would properly be denied even if plaintiff had complied with Rule 15(a). Although plaintiff's counsel previously notified Tops' counsel that she filed the Amended Complaint on November 26, 2007 through the Court's electronic filing system, it was not until January 2, 2008 that plaintiff electronically filed the Amended Complaint. See Docket # 11. On January 10, 2008, plaintiff served defendant with the Amended Complaint for a second time. While plaintiff has not directly opposed both of Tops' motions to dismiss, she has filed a Rule 15(a) motion seeking leave to amend her original Complaint.

---

[2]While plaintiff is a female named Julie E. Male and there is no one with a surname of "Murphy" who is relevant to plaintiff's claims, portions of the Amended Complaint refer to a male plaintiff who was compelled by someone named "Murphy" to disclose his medical information to co-workers. See Moldenhauer Aff., Ex. B ¶¶72-73.

4

**DISCUSSION**

**I.   Motions to Dismiss and Amend**

**A.   Defendant's Motion for Judgment on the Pleadings and Motion to Dismiss Pursuant**

A Rule 12(c) motion is decided under the same standard as a Rule 12(b)(6) motion. See Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999), cert. denied, 531 U.S. 1052 (2000). A complaint may be dismissed pursuant to Rule 12(b)(6) where the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1974 (2007). As the Second Circuit has recently stated, Twombly requires that a plaintiff satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." See Iqbal v. Hasty, 2007 WL 1717803 at *11 (2d Cir.2007)."[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." See Twombly, 127 S.Ct. at 1964. In order to state a claim, the factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level." See id. at 1965. Where a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." See id. at 1974.

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court's review is limited to the Complaint, and those

documents attached to the Complaint or incorporated therein by reference. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir.1996). The Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.1994), citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College, 835 F.2d 980, 982 (2d Cir.1987). However, "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. See Reddington v. Staten Island Univ. Hosp., 511 F.3d 126, 126 (2d Cir.2007).

**B.   Plaintiff's Motion for Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that: "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "If the proposed amendment alleges facts or circumstances which may be a proper subject of relief, the suitor, in the absence of sufficient reasons for denying him this opportunity, should have a chance to test his claim on the merits." See Middle Atlantic Util. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 384 (2d Cir.1968). Accordingly, the purpose of Rule 15(a) is to encourage disposition of litigation on the merits, rather than on procedural technicalities. See Sanders v. Thrall Car Mfg. Co., 582 F.Supp. 945, 952 (S.D.N.Y. 1983), aff'd, 730 F.2d 910 (2d Cir. 1984). However, where there is evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party or futility, leave to amend shall not be granted. See Monahan v. NYC Dept. of Corrections, 214 F.3d 275, 283 (2d Cir.2000). Thus, the rule

in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith. See State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981).

## II.  Sufficiency of Plaintiff's Initial Complaint

Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ...claim is and the grounds upon which it rests.'" See Twombly, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint is measured against a flexible "plausibility standard," which obligates the "pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." See Iqbal, 490 F.3d at 157-58. This "does not require heightened fact pleading of specifics," see In re Elevator Antitrust Litig., 2007 WL 2471805 at *2 (2d Cir. 2007); see also Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); however, it does "require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'" See Elevator Antitrust Litig., 2007 WL 2471805 at *2 (quoting Twombly, 127 S.Ct. at 1974); see also Boykin v. Keycorp., 2008 WL 817111 (2d Cir. 2008).

In Twombly, the Court stated that Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is difficult to see how a plaintiff could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on

7

which the claim rests. See Twombly, 127 S.Ct. at 1965 n.3; see also 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, pp. 94-95 (3d. 2004) (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it.")

In this case, plaintiff's Complaint falls short of satisfying Rule 8's requirements. Plaintiff has not included a single factual allegation to support her claim that Tops violated the ADA. In addition, she has not given defendant any notice of what her factual contentions are, and she has not identified the grounds upon which she is basing her alleged entitlement to relief. Moreover, plaintiff has not listed any causes of action in her Complaint, making it impossible for defendant to assess what she ultimately hopes to prove. Other than referring to "wrongful termination ... in retaliation for having engaged in protected activity..." in her introductory paragraph, plaintiff does not state the facts upon which she asserts this legal conclusion. Plaintiff also does not allege the circumstances underlying her alleged termination of employment, who was involved in the decision to terminate her, or why this alleged decision violated the ADA. Further, while plaintiff alleges, she has a disability, she does not state the manner in which she is disabled, how that disability affected her employment with defendant or whether her alleged disability is even factually relevant to her claims against defendant. Accordingly, the Complaint fails to satisfy the minimum pleading standards articulated in Twombly.

### III. **Plaintiff's Amended Complaint**

Plaintiff argues that she seeks to amend her Complaint to "properly" and fully allege her factual allegations, and her causes of action. See Pl. Br. at 4. In addition, plaintiff contends that to the degree that she adds factual allegations and causes of action, Tops has been on notice of such allegations since the filing of plaintiff's EEOC charge and subsequent lawsuit. See id. Accordingly, plaintiff argues that none of the proposed amendments are prejudicial to defendant since Tops has already been on notice of the existence of plaintiff's claims since the filing of the EEOC charge on June 5, 2006. See id. In opposing the amendment, defendant argues principally that it would be futile. "Futility" in the context of Rule 15(a) means, inter alia, that courts will not grant leave to amend when the proposed amendment "could not withstand a motion to dismiss." See 3 Moore's Federal Practice § 15.15[3], p. 15-48 (3d ed.1997).

Rule 15(a) provides that a plaintiff may amend his or her complaint once as a matter of right any time before a responsive pleading is served. See Fed. R. Civ. P 15(a). Once defendant answers the complaint, a plaintiff may only amend the pleadings with the consent of the opposing party or permission of the court. See id. Under 15(a)(2), courts "should freely give leave when justice so requires." See id. Conversely, a district court may deny leave to amend where such amendment would be futile. See Hom Sui Ching v. U.S., 298 F.3d 174, 180 (2d Cir.2002) (citing Jones v. N.Y. State Div. of Military & Naval Affairs, 166 F.3d 45, 50 (2d Cir.1999)). A proposed amendment would be futile if, for instance, the new claim

9

would be time-barred under the applicable statute of limitations. See, e.g., Jones, 166 F.3d at 47; Wright v. Rivera, 2007 WL 4264547, *2 (E.D.N.Y. 2007). An amendment will be deemed futile, and the motion to amend denied, where the amendment would be subject to dismissal for failure to state a claim upon which relief may be granted. See Milanese and Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir.2003) ("leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss ..."). Here, I conclude that it would be futile to allow plaintiff to amend her Complaint with respect to her ADA claim.

**A.   Plaintiff's ADA Claims are Time-Barred**

In order to be timely, claims under Title VII must be filed within 90 days of claimant's receipt of right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). The ADA incorporates the enforcement scheme set forth in Title VII of the Civil Rights Act of 1964, as amended, including the 90-day requirement. See Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 713-14 (2d Cir.2001). The 90-day period operates as a statute of limitations. See Banks v. State Univ. of New York at Buffalo, 2007 WL 895505, *5 (W.D.N.Y. 2007); Toner v. Suffolk Cty. Water Auth., 220 F.R.D. 20, 21 (E.D.N.Y. 2004); (Minnette v. Time Warner, 997 F.2d 1026-27 (2d Cir.1993). There is no dispute, and plaintiff concedes that she did not file her Amended Complaint until January 2, 2008, which is 136 days after she received her right to sue notice from the EEOC. Accordingly, any ADA claim alleged by plaintiff is not timely to the extent it is based on the events underlying her EEOC charge. Rule

10

15(a) does not require the Court to permit plaintiff to amend her Complaint to pursue futile claims. See Milanese, 244 F.3d at 110. Thus, any attempt by plaintiff to assert an ADA claim based on the allegations set forth in the Amended Complaint are time-barred.

**B. The Original Complaint Does Not Satisfy The Statute of Limitations**

Plaintiff argues that she filed her Summons and Complaint on November 19, 2007, ninety-one days after receiving her Notice of Right to Sue from the EEOC and within the three days allowed for mailing. See Agola Decl., ¶ 6. Accordingly, plaintiff contends that she was within her 90 day window when she filed her original Complaint. See id. Rule 8 requires that a complaint include more than labels and conclusions, it must contain enough factual allegations to "nudge" the claims "across the line from conceivable to plausible." See Twombly, 127 S.Ct at 1974. To satisfy Rule 8, a complaint must "give the defendant fair notice of what the claim ... is and the grounds upon which it rests." See id. at 1964 (quoting Conley, 355 U.S. at 47). As discussed above, plaintiff's Complaint does not contain factual allegations that puts defendant on notice of the basis for her action. In fact, plaintiff concedes that the Complaint "was not substantive." See Pl. Br. at 4.

In addition, it appears that the plaintiff never intended the Complaint to be more than a sham document to circumvent the 90-day limitations period, while intending to file an Amended Complaint. Plaintiff never actually served her Complaint on Tops. Further, and significant to the Court is the fact that plaintiff made it a point

11

to emphatically state in her cross-motion that defendant had no right to appear in this action or file its Answer on November 26, 2007, since at that time, plaintiff had not formally served process and no waiver of service had been executed. See Agola Decl., ¶ 7. However, as defendant states, the scheme of the Federal Rules clearly demonstrates that a party can take defensive measure before it is formally served with process. Contrary to plaintiff's contentions, defendant was not obligated to sit on its hands and forego taking defensive measures once she allegedly commenced the action by filing the Complaint.

Here, Tops discovered that plaintiff filed a Complaint that it believed to be so deficient that it preferred to enter a notice of appearance, waive service and proceed to file its motion for judgment on the pleadings pursuant to Rule 12(c). The Complaint did not give defendant fair notice of the claims later contained for the first time in the Amended Complaint. The Complaint contains no factual allegations to articulate why plaintiff believes a violation of the ADA has occurred. Significantly, the Amended Complaint includes specific causes of action and underlying factual allegations relating to an alleged disclosure of protected medical information in violation of the ADA and the Family Medical Leave Act, 29 U.S.C. §§ 2611 *et seq.* ("FMLA"), alleged retaliation in violation of the FMLA and ADA, discrimination under the ADA and the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq.*, and failure to provide an accommodation under the ADA. See Moldenhauer Aff., Ex. B. Not one

of these causes of action originates from a claim pled in the Complaint in a manner that complies with Rule 8.

Further, defendant argues that plaintiff's Amended Complaint cannot relate back to the original Complaint to satisfy the statute of limitations pursuant to Rule 15(c). Rule 15(c)(2) provides, in relevant part, that "[a]n amendment of a pleading relates back to the date of the original pleading when... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). "Whether a new claim 'arguably arises out of the same transaction or occurrence' as the one that the plaintiff originally alleged, and thus an amended pleading setting forth that claim can be said to relate back to the original complaint, lies in the district court's discretion." See Wilson v. Fairchild Republic Co., 143 F.3d 733, 738 (2d Cir.1998).[3] In determining whether a new claim arises out of the same transaction and occurrence as that in the original complaint, the correct inquiry is whether the original complaint gave the defendant fair notice of the new claims. See id.; Tho Dinh Tran v. The Alphone Hotel Corp., 281 F.3d 23, 36 (2d Cir. 2002) ("For a newly added action to relate back, 'the basic claim must have arisen out of the conduct set forth

---

[3] In Wilson, the Court of Appeals looked at whether the district court appropriately dismissed two failure to promote claims alleged by the plaintiff under 42 U.S.C. § 1981 on the basis that they were not pled in a timely fashion and did not relate back to earlier, timely pleadings. See 143 F.3d at 738. The Court determined that the defendant never received notice of the first § 1981 claim because it arose from a different set of facts than those underlying a parallel Title VII proceeding included in the original pleadings. See id. at 739. As a result, that claim could not relate back under Rule 15(c) for limitations period purposes. See id. However, the second § 1981 claim related back to a claim set forth with specificity in the original pleading, even though a typographical error made the relation-back less than clear. See id. at 740. Because the second § 1981 claim did relate back to the original complaint, it was deemed timely. See id.

in the original pleading") (quoting Schiavone v. Fortune, 477 U.S. 21, 29 (1986)).

In the case of Tho Dinh Tran, the Court of Appeals held that a plaintiff's newly alleged claim under the Racketeer Influenced Corrupt Organization Act ("RICO") could not relate back for statute of limitations purposes under circumstances where the complaint was less deficient than that filed by plaintiff in this case. In Tho Dinh Tran, the plaintiff made allegations in his original complaint regarding failure to pay wages under the Fair Labor Standards Act, as well as state law breach of contract, fraud and unjust enrichment claims. See 281 F.3d at 28. Plaintiff later moved to amend his complaint to include a RICO claim, claiming that the defendants bribed union officials in a scheme that allowed them to pay wages below the union rate. The Appeals Court reversed the lower court's decision, which permitted the plaintiff to amend his complaint to add the RICO claim. See id. at 36. The court observed that "[r]ather than merely adding a new legal theory based on the same facts as those ... in the original complaint, the plaintiff's amendment introduced a significant new factual allegation that fundamentally changed the nature of the allegations, both factual and legal, that the plaintiff was asserting against the defendants." See id.

Similar to the Tho Dinh Tran plaintiff, this plaintiff has attempted to add new allegations by virtue of her Amended Complaint. Plaintiff went beyond just supplementing her prior factual claims, but in addition, provided the factual basis for each and every one of her allegations for the very first time. The conduct asserted in the

14

Amended Complaint does not arise out of the same "conduct, transaction, or occurrence" set forth in the Complaint since the Complaint contains no factual allegations to establish the conduct, transaction or occurrence upon which plaintiff is seeking relief. Moreover, Rule 3 states in pertinent part that "[a] civil action is commenced by filing a complaint with the court." See Fed. R. Civ. P. 3. Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," which has been construed to mean a sufficient factual basis to give the defendant notice as to what the plaintiff intends to prove. See Twombly, 127 S.Ct. at 1965. Accordingly, (as in the instant case) if the initial pleading does not provide such notice, "it could not have properly 'commenced' a civil action within the meaning of Fed. R. Civ. P. 3." See Lawrence v. Chairman, EEOC, 728 F.Supp. 899 (N.D.N.Y. 1990).

Further, plaintiff's argument that defendant had notice of her claims by virtue of her EEOC charge is untenable. Using this logic, a plaintiff would never have to set forth factual allegations sufficient to satisfy Rule 8 provided the plaintiff had previously filed an administrative charge of discrimination as a prerequisite to bringing any discrimination claim for alleged violations of the ADA or Title VII. However, the courts have consistently dismissed discrimination claims for not meeting the pleading requirements of Rule 8. See Falso v. Sutherland Global Services, 494 F.Supp.2d 207 (W.D.N.Y. 2002); Johnson v. Xerox Corp., 2007 WL 965431 (W.D.N.Y.2007). Because the Complaint does not satisfy the

15

requirements of Rule 8, it could not effectively commence an action under Rule 3 and without a proper commencement of an action, a claim cannot relate back for statute of limitations purposes under Rule 15(c). Thus, the ADA claims set forth in the Amended Complaint are untimely.

## **CONCLUSION**

For the reasons set forth above, defendant's motion for judgment on the pleadings and motion to dismiss are granted and plaintiff's cross motion to amend is denied. Plaintiff's Complaint and Amended Complaint are dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

>    s/Michael A. Telesca
>    MICHAEL A. TELESCA
>    United States District Judge

Dated:   Rochester, New York
         April 22, 2008